PER CURIAM.
Appellant filed a 3.850 motion for post-conviction relief, alleging, in effect, that during plea negotiations, the state attorney misled him in order to get him to accept a plea that the state could not honor, therefore, his plea was involuntary. He alleged he was led to believe he would be eligible for certain control release and work release programs, but when he arrived at Holmes Correctional Institution, he was informed these programs were not available to him.
The trial court denied the motion without a hearing after reviewing the transcript of the plea proceedings. The court found that the sentence imposed was within that outlined in the plea negotiations, and the transcript indicated the plea was voluntary. The court also found that the record demonstrated that the Department of Corrections classification process had nothing to do with the plea process, and that the circuit court had no jurisdiction concerning classification of inmates once they are in custody of the Department of Corrections. The court concluded that the transcript of plea proceedings completely refuted appellant’s allegations that the state attorney misled him, since there was nothing in the record to indicate appellant relied on any representation as to how he would be treated at the Department of Corrections. The court attached the transcript of plea proceedings to the order denying the motion for post-conviction relief.
In his motion for rehearing, appellant contended that the transcript of plea proceedings indicated there had been plea negotiations which led him to accept the agreement, and that certain correspondence that reflected the agreement had been discussed on the record. The circuit court denied the motion for rehearing, basically reiterating its reasoning from the initial order.
Our concern is with a statement made by the state attorney at the close of the plea proceedings, requesting that copies of certain correspondence with defense counsel be made part of the record. The state attorney stated: “It’s not necessarily a memorial of the plea agreement, but it’s a memorial of the basics of it.... There’s a couple of differences. I just want to make it part of *884 the court file.” Because of this statement, indicating certain terms of the plea agreement may have existed which were to have been made part of the record, we do not believe the transcript of plea proceedings alone conclusively refutes the allegations in appellant’s motion for post-conviction relief. Neither the correspondence nor any written plea agreement were attached to the order denying the motion. Therefore, we reverse and remand for attachment of additional portions of the record which conclusively refute appellant’s allegations, or for an evidentiary hearing.
REVERSED and REMANDED with directions.
JOANOS, MICKLE and LAWRENCE, JJ., concur.